UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-12496-RGS

AMALGAMATED TITANIUM INTERNATIONAL CORP.,
and DAVID LAMOUREUX

v.

MENNIE MACHINE COMPANY D/B/A MMC ARMORY.

MEMORANDUM AND ORDER ON
DEFENDANT'S RULE 12(b)(2) MOTION TO DISMISS

February 26, 2020

STEARNS, D.J.

Amalgamated Titanium International Corp. (ATI) and David Lamoureux brought this lawsuit on October 21, 2019, in Middlesex Superior Court against Mennie Machine Company d/b/a MMC Armory (MMCA), alleging breaches of various agreements between the parties.[1] MMCA

---

[1] ATI and Lamoureux allege ten separate claims in their Complaint: breach of the joint venture agreement (Count B), promissory estoppel (Count C), breach of contract (Count A), conversion (Count D), promissory estoppel with regard to the titanium in MMCA's possession (Count E), tortious interference with prospective business relationships (Count F), defamation-Lamoureux (Count G), defamation-ATI (Count H), breach of the duty of good faith and fair dealing (Count I), and violation of Mass. Gen. Laws ch. 93A, § 11 (Count J).

removed the case to the federal district court on December 11, 2019, on diversity grounds. It now moves to dismiss the Complaint for want of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). For the reasons to be explained, MMCA's motion to dismiss for lack of personal jurisdiction will be denied.

## BACKGROUND

The facts, viewed in the light most favorable to ATI and Lamoureux as the nonmoving parties, are as follows. ATI, a Delaware corporation with a principal place of business in Massachusetts, is the developer of a custom titanium technology. MMCA is an Illinois corporation that possesses a federal license to sell firearms. According to the Complaint, ATI and MMCA entered into an oral agreement for MMCA to use ATI's titanium in the manufacture of firearms products and to jointly market them under the MMCA brand. ATI and MMCA jointly offered the firearms products to various customers and exhibited prototypes at trade shows in 2015 and 2016.

ATI and MMCA executed a "Purchase Order" on March 7, 2016, under which ATI shipped $1.5 million of custom titanium from Massachusetts to MMCA's facilities in Illinois.[2] ATI also transferred to MMCA another

---

[2] ATI does not specify in the Complaint the origin of the $1.5 million in their titanium. The court infers, based on the reference to "supplier or

$500,000 in their custom titanium from facilities in Maine, Texas, and China. MMCA was obligated to use the titanium in the fabrication of firearms products worth $34.7 million. Ultimately, MMCA did not keep its end of the bargain and failed to manufacture any of the products specified in the Purchase Order.

On October 21, 2016, MMCA sent ATI a notice by email and regular post terminating the parties' relationship. The letter was addressed to Lamoureux at 94 Hampshire Street, Suite C, Cambridge, Massachusetts, ATI's principal place of business. On October 24, 2016, MMCA sent ATI a second letter stating that it would not return the titanium until ATI signed a release. ATI refused and MMCA has not returned the titanium.

## DISCUSSION

"When a district court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in this case, the 'prima facie' standard governs its determination." *United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). The prima facie standard directs the court to "take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe them in the light most

---

outsourcer facilities," that the original shipment originated from ATI's location in Massachusetts.

3

congenial to the plaintiff's jurisdictional claim." *Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). ATI and Lamoureux bear the burden of establishing that the court has personal jurisdiction over MMCA. *Hannon v. Beard*, 524 F.3d 275, 279 (1st Cir. 2008).

To exercise personal jurisdiction, the court must find (1) that sufficient contacts exist between the defendant and the forum to satisfy the state long-arm statute, and (2) that the assertion of jurisdiction does not offend the Due Process Clause of the Fourteenth Amendment. *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir. 1995). Since "the Supreme Judicial Court of Massachusetts has interpreted the state's long-arm statute as an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States," it is appropriate to dispense with the statutory inquiry and "proceed directly to the constitutional analysis." *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008) (citations omitted). Here, because ATI and Lamoureux rely on a claim of specific jurisdiction, the constitutional test "has three components: relatedness, purposeful availment, and reasonableness." *Knox v. MetalForming, Inc.*, 914 F.3d 685, 690 (1st Cir. 2019). The First Circuit has articulated this three-part test as follows:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the

defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable.

*Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 60 (1st Cir. 2002) (citation omitted).

*Relatedness*

First, to satisfy relatedness, "the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities." *Daynard*, 290 F.3d at 61 (citation omitted). "[T]he relatedness test is a 'flexible, relaxed standard.'" *N. Laminate Sales, Inc. v. Davis*, 403 F.3d 14, 25 (1st Cir. 2005), citing *Pritzker v. Yari*, 42 F.3d 53, 61 (1st Cir. 1994). ATI alleges that it sent titanium to MMCA's location in Illinois. MMCA must have contemplated that this shipment would come from Massachusetts. The relationship between the parties that culminated in this shipment forms the basis of ATI's allegations of breach of contract, promissory estoppel, conversion, and violation of M.G.L. c. 93A § 11. The relatedness element of this test is thus satisfied.

*Purposeful Availment*

Second, "the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby

5

invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable." *Daynard*, 290 F.3d at 61 (citations omitted). The Complaint alleges that MMCA solicited a business relationship with ATI, knowing that ATI was a Massachusetts-based corporation. This allegation is sufficient to establish that MMCA purposefully availed itself of the privilege of doing business in Massachusetts. *Pritzker v. Yari*, 42 F.3d 53, 61 (1st Cir. 1994), citing *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220 (1957) ("*McGee* stands for the proposition that 'minimum contacts' is not necessarily a numbers game; a single contract can fill the bill."). That MMCA did not enter Massachusetts for meetings and only communicated through phone calls, mail, and email is not dispositive. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) ("[I]t is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines."); *Daynard*, 290 F.3d at 62 (1st Cir. 2002) (recognizing "telephone and fax communications" as contacts with Massachusetts);

*Reasonableness*

Third, "the exercise of jurisdiction must, in light of the Gestalt factors, be reasonable." *Daynard*, 290 F.3d at 62 (citation omitted). These factors are "(1) the defendant's burden of appearing, (2) the forum state's interest in

adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies." *Ticketmaster-N.Y., Inc. v. Alioto*, 26 F.3d 201, 209 (1st Cir. 1994), citing *Burger King*, 471 U.S. at 477.

Here, the Gestalt factors support the conclusion that jurisdiction is reasonable. MMCA does not address the reasonableness prong and, thus, has not demonstrated that the exercise of jurisdiction in Massachusetts "is onerous in a special, unusual, or other constitutionally significant way." *Nowak v. Tak How Invs., Ltd.*, 94 F.3d 708, 718 (1st Cir. 1996) (citation omitted). Massachusetts has an interest in adjudicating this dispute because ATI is a corporation with its principal place of business in Massachusetts and was harmed in Massachusetts. The court also affords deference to ATI and Lamoureux's choice of forum. *See Sawtelle*, 70 F.3d at 1395 ("[A] plaintiff's choice of forum must be accorded a degree of deference with respect to the issue of its own convenience."). In sum, ATI and Lamoureux have met their burden of proving specific jurisdiction, as there is a demonstrable nexus between their claims and MMCA's activities directed at Massachusetts.

## CONCLUSION

For the foregoing reasons, MMCA's motion to dismiss the Complaint for lack of personal jurisdiction is denied.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE